UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

     Plaintiffs,

v.

ALEX KETTY, JOHNNY KETTY,
NONI L. VALICENTI, HARRY
KIRSHBAUM, JULIE ANN GRAVES,
GLOW PATH PAVERS, LLC, GLOW
PATH TECHNOLOGY, LLC, and
AMBIENT GLOW PRODUCTS, LLC,

     Defendants.

Case No. 2:23-cv-13083
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTION TO DISMISS (ECF No. 18)[1]

### I.    Introduction

This is an employment case.  Plaintiff Nintu-Xi Gilmore-Bey (Gilmore-

Bey), proceeding *pro se*, filed a complaint against the above captioned defendants.

In broad terms, and as best as can be gleaned from Gilmore-Bey's filings,[2] she

claims that defendants discriminated against her during her approximately four (4)

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate
for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR
7.1(f)(2).

[2] Gilmore-Bey's filings are difficult to decipher.

1

week employment relationship based on her race ("Aboriginal") and national origin ("Ancient Autochthonous/Indigenous Aboriginal").  (ECF No. 1, PageID.6). She makes claims under federal, international, and state law, seeking money damages.  Pretrial proceedings have been referred to the undersigned.  (ECF No. 7).  Before the Court is defendants' motion to dismiss.  (ECF No. 18).

For the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED.  Specifically, the undersigned RECOMMENDS that Gilmore-Bey's federal claims in Counts I and II as well as the international law claims under Counts III and IV be DISMISSED WITH PREJUDICE, and that the Court decline to exercise supplemental jurisdiction over Gilmore-Bey's state law claims (Counts V – VIII, and to the extent that Count II raises a state law claim) and DISMISS those claims WITHOUT PREJUDICE.

## II.    Background

### A.    Gilmore-Bey's Prior Cases

Gilmore-Bey has filed two prior *pro se* cases in this district, making similar discrimination claims based on her race and national origin against other prior employers.  Both cases have been dismissed on defendants' motions to dismiss and upon recommendation of dismissal by the assigned magistrate judge.[3]  *See*

---

[3] Gilmore-Bey also has another pending case in this district, which was filed on March 18, 2024.  *Gilmore-Bey v. Schneider*, *et al.,* 2:24-cv-10689 (E.D. Mich., Michelson, J).  The complaint in this case appears to also allege discrimination

*Gilmore-Bey v. Lee, et al.,*2:19-cv-10776 (E.D. Mich., Borman, J) (*Gilmore-Bey I*);

*Gilmore-Bey v. Meltser, et al.*, 2:23-cv-12651 (E.D. Mich., Steeh, J.) (*Gilmore-Bey II*).

### B.    This Case

On December 5, 2023, Gilmore-Bey filed this case.  (ECF No. 1).  After defendants were served and answered, she filed an amended complaint as of right on February 7, 2024.  (ECF No. 15).  On February 18, 2024, defendants filed the instant motion to dismiss, (ECF No. 18), followed by an answer on February 19, 2024.  (ECF No. 19).  Plaintiff filed a response to the motion as directed, (ECF No. 22), and defendants filed a reply, (ECF No. 23).  Plaintiff then filed additional documents, (ECF Nos. 24, 25), which appear to attempt to further articulate her claims.

In the amended complaint, Gilmore-Bey says that she was hired for a "non-exempt, full-time Office Manager position" with Glow Path Pavers on November 15, 2022.  (ECF No. 15, PageID.91).  She was "given an employment classification of a 1099 Independent Contractor."  (*Id.*).  She was also required to sign a "Non-Disclosure and Confidentiality Agreement" (NDA).  (*Id.*, PageID.92).  Gilmore-

---

related to potential employment.  The district court partially dismissed the complaint, leaving only Med-National Staffing Solutions as a defendant, who has filed a motion for a more definite statement.

Bey says she was the only employee required to be an independent contractor and sign an NDA.  Her employment ended on December 8, 2023.  (*Id.*, PageID.103).

In their motion papers and answers, defendants deny that they discriminated against Gilmore-Bey for any reason.  They also say that her employment was an independent contractor was terminated because Glow Path is a landscaping business and it decided to cut its staff due to a seasonal slowdown.  (ECF Nos. 18, 19).

The amended complaint asserts the following claims, as phrased by Gilmore-Bey:

| | |
|---|---|
| Count I | Independent Contractor Misclassification under FLSA |
| Count II | Discrimination under Title VII Civil Rights Act and Elliot-Larsen Act |
| Count III | Discrimination under International Laws |
| Count IV | Retaliation |
| Count V | Breach of Contract |
| Count VI | 1st Fraudulent Misrepresentation |
| Count VII | Defamation-Libel |
| Count VIII | 2nd Fraudulent Misrepresentation |

### III.   Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to

4

plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims

5

that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . .  [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

Finally, in ruling on a motion to dismiss, the Court may consider documents which are referenced in the complaint and integral to a plaintiff's claims.  *Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1097 (S.D. Ohio 2022); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001).  As such, the undersigned will consider the employment related documents attached as exhibits to defendants' motion.

## IV.    Discussion

Defendants' motion is largely focused on Gilmore-Bey's Title VII claim, contending that she has failed to state a plausible claim for relief under Title VII because she is an independent contractor under the Fair Labor Standards Act (FLSA).  Defendants go on to argue that Gilmore-Bey's other claims should be dismissed.  In response, Gilmore-Bey says none of her claims should be dismissed and simply restates the allegations from the amended complaint.  Gilmore-Bey does not provide any analysis or respond substantively to defendants' legal arguments in any of the papers she has filed.

### A.    Federal Claims

A liberal reading of the amended complaint shows that Gilmore-Bey is asserting claims under Title VII and the FLSA.

### 1.    Title VII

Defendants are correct that Title VII does not apply to independent contractors.  *See Shah v. Deaconess Hosp*., 355 F.3d 496, 499 (6th Cir. 2004) for the proposition that "[a]s a general rule, the federal employment discrimination statutes protect employees, but not independent contractors."); *Falls v. Sporting News Pub. Co.*, 834 F.2d 611, 613 (6th Cir. 1987) (concluding that while the term "employee" is to be construed broadly in Title VII, it is not meant to reach independent contractors).

Here, Gilmore-Bey was clearly hired as an independent contractor. Attached as defendants' Exhibit 2 is a document titled "Independent Contract Employment Offer" which clearly says that Gilmore-Bey's "Employment Status" is "1099 Independent Contractor." (ECF No. 18, PageID.179).  Gilmore-Bey admits as much in her amended complaint.  Further, as will be discussed below, Gilmore-Bey does not meet the criteria to be considered an employee under the FLSA.  Thus, she cannot make out a plausible claim for relief under Title VII.

Moreover, even assuming that Gilmore-Bey was not an independent contractor, but an employee who could sue under Title VII, her claim must still be dismissed.  First, the individual named defendants cannot be sued under Title VII.

7

The Sixth Circuit – and courts in this district –have repeatedly and consistently held that, within the meaning of Title VII, the term "employer" does not include the supervisors, managers, or co-workers of a plaintiff. *See, e.g., Harper v. City of Cleveland*, 781 F. App'x 389, 393 (6th Cir. 2019) ("Title VII does not impose liability on supervisory personnel"); *Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013) (plaintiff cannot bring Title VII claims against individual defendants); *Wingo v. Michigan Bell Tel. Co.*, No. 16-12209, 2019 WL 78898, at *7 (E.D. Mich. Jan. 2, 2019) (dismissing Title VII claim because plaintiff's supervisor was not an "employer" within the meaning of that statute and, thus, was not subject to liability).

Regarding the corporate defendants, Gilmore-Bey says she was terminated because of her race and national origin as an Ancient Autochthonous/Indigenous Aboriginal.  In order to make out a prima facie case of race or national origin discrimination under Title VII, Plaintiff must show that (1) she is a member of a protected class; (2) she experienced an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class or was treated differently than a similarly-situated, non-protected employee. *See Johnson v. Farmington Pub. Sch.*, No. 21-12562, 2024 WL 1395140, at *12 (E.D. Mich. Mar. 31, 2024).  If the plaintiff is able to present a prima facie case, the burden shifts to the defendant to articulate a legitimate,

nondiscriminatory reason for the adverse employment action.  *See Alzid v. Blue Cross Blue Shield of Mich.*, 671 F. Supp. 3d 786, 794 (E.D. Mich. 2023). If the defendant can do so, the burden shifts back to the plaintiff, who must show that the defendant's proffered reason is a pretext for discrimination.  *Id*.

Here, Gilmore-Bey cannot make out a prima facie case of race or national origin discrimination because she has not plausibly alleged that she is a member of a protected class.  This is because there is no federally recognized class of "Ancient Autochthonous" or "Indigenous Aboriginal."[4]  Courts in this district and Sixth Circuit have routinely dismissed race and national origin discrimination claims like Gilmore-Bey's that are brought by "native-born individuals … who claim to be affiliated with a tribal government purportedly existing independently of any federally recognized Indian tribe."  *Alzid*, 671 F. Supp. 3d at 797 (internal quotation marks omitted); *see also Wilson v. Art Van Furniture*, No. 99-2292, 2000 WL 1434690, at *1 (6th Cir. Sept. 19, 2000) (rejecting national origin discrimination claim where the plaintiff was born in the United States and "presented no credible proof that there is or ever was a country or ethnic group

---

[4] *See* https://www.federalregister.gov/documents/2024/01/08/2024-00109/indian-entities-recognized-by-and-eligible-to-receive-services-from-the-united-states-bureau-of (last accessed July 15, 2024).  The Court is permitted to take judicial notice of the fact that, as confirmed by the Federal Register, there is no federally recognized "Ancient Autochthonous" or "Indigenous Aboriginal" tribe. *See Coupe v. Federal Express Corp.*, 121 F.3d 1022, 1026 n. 3 (6th Cir. 1997).

known as the Washitaw de Dugdahmoundyah Empire"); *Bey v. FCA US LLC*, No. 19-10521, 2019 WL 5849367, at *3 (E.D. Mich. Oct. 15, 2019) (plaintiff's national origin discrimination claim failed because "[n]umerous Courts have held that 'Moorish Americans' or variations thereof are not a federally recognized group to which the national origin protections of Title VII applies"). Gilmore-Bey was also informed of this when her similar claim was dismissed in *Gilmore-Bey II*.

### 2.    FLSA

As to her FLSA claim, the FLSA was passed by Congress with "broad remedial intent," specifically "to eliminate, as rapidly as practicable, substandard labor conditions throughout the nation." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015) (citing *Powell v. U.S. Cartridge Co*., 339 U.S. 497, 509-11 (1950)). As part of this goal, the FLSA generally sets a minimum wage and requires the payment of overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. §§ 206(a)(1), 207(a). Additionally, the FLSA includes an anti-retaliation provision, which provides that an employer is prohibited from "discharg[ing] or in any manner discriminat[ing] against [an] employee because such employee has filed [a] complaint or instituted ... any proceeding under [the FLSA]." *Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006); 29 U.S.C. § 215(a)(3).

Here, Gilmore-Bey has not made out a FLSA claim.  First, she does not allege how defendants violated the FLSA.  Rather, the complaint contains largely boilerplate recitations apparently from case law or other documents.  The allegations in the complaint are simply insufficient to state a plausible claim for relief.

Second, as noted above, Gilmore-Bey was an independent contractor, not an employee.  "Independent contractors do not enjoy FLSA's protections."  *Acosta v. Off Duty Police Servs., Inc.*, 915 F.3d 1050, 1055 (6th Cir. 2019) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947)).  Gilmore-Bey's status as an independent contractor is supported in defendants' motion where they note that her relationship with Glow Path lasted for no more than four weeks; she was paid hourly for work performed (not on a salary basis); she received no benefits from Glow Path; and she was identified as a "1099 Independent Contractor" for tax treatment purposes.  (ECF No. 18, PageID.171 (citing *Murray v. Principal Fin. Grp., Inc.*, 613 F.3d 943, 945-946 (9th Cir. 2010) (setting forth factors to be considered in the independent contractor inquiry))).  Gilmore-Bey has offered nothing to counter these allegations.  Therefore she cannot recover under the FLSA.

In sum, Gilmore-Bey has not stated a viable under either Counts I or II.

### B.    Other Claims

11

1.     International Law Claims

In Counts III and IV, Gilmore-Bey asserts claims based on international law under the "American Declaration on the Rights of Indigenous Peoples" which is assumed to be the United Nations Declaration on the Rights of Indigenous Peoples ("U.N. Declaration").  Although defendants did not directly address these claims, the undersigned recommends that they be dismissed.  Under the *in forma pauperis* statute, a court must "dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).  This "provision is applicable throughout the entire litigation process, and [a] case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section."  *Coleman v. Gullet*, No. 12-10099, 2012 WL 5986779, at *9 (E.D. Mich. Sept. 4, 2012) (internal quotations omitted).  Federal Rule of Civil Procedure 12(b)(6) standards govern dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Id*.

The U.N. Declaration serves to affirm the equality, contributions, and rights of indigenous peoples in relation to all other peoples.[5]  It neither creates a private right of action in federal court nor provides this court with a conferral of

---

[5] *See* http://www.un.org/esa/socdev/unpfii/documents/DRIPS_en.pdf (last accessed July 16, 2024).

jurisdiction. *Id.*; *see Amaru Mura Hussein Bey v. Ohio*, No. 1:11-CV-02048, 2011 WL 4007719, at \*1-\*2 (N.D. Ohio Sept. 9, 2011). "While this document may be of great importance to Plaintiff, it is not recognized by the United States federal courts as binding legal authority." *Lonnie Bray El v. City of Euclid*, No. 1:16CV2160, 2017 WL 2797389, at \*10 n.8 (citing cases). Accordingly, it is recommended that Gilmore-Bey's claims under Counts III and IV be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.     State Law Claims[6]

Defendants argue that the state law claims should be dismissed because the Court lacks jurisdiction over them, they do not meet the amount in controversy requirement, and they otherwise fail to state a claim. Defendants, however, do not argue in detail as to why any of the state law claims fail to state a claim.[7] The undersigned interprets defendants' argument to be that the Court should decline to exercise supplemental jurisdiction over the state law claims.

The complaint asserted federal claims over which this court has jurisdiction under 28 U.S.C. § 1331, which provides that, "district courts shall have original

---

[6] Count II also appears to assert a state law discrimination claim under Michigan's Elliot-Larsen Civil Rights Act. To the extent it does, the undersigned RECOMMENDS it be dismissed without prejudice as well.

[7] Defendants also suggest that the Court remand the state law claims. However, the complaint was filed in federal court so there is no basis to remand.

13

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  However, "[w]hen a federal district court has original jurisdiction over a civil cause of action, § 1367 determines whether it may exercise supplemental jurisdiction over other claims that do not independently come within its jurisdiction, but that form part of the same Article III 'case or controversy.' " *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 458 (2003).  Section 1367(a) provides, in pertinent part, that

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  And subsection (c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

14

Here, as explained above, the undersigned recommends dismissing all of Gilmore-Bey's federal law claims, and so section 1367(c)(3) applies.  If the undersigned's recommendation is adopted and the federal law claims are dismissed, there must be "unusual circumstances" present to warrant the Court exercising jurisdiction over the remaining state law claim.  *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255-57 (6th Cir. 1996).  " '[U]nusual circumstances' must include 'some prejudice arising from relegating the case for trial in the state court.' "  *Id*. at 1255 (quoting *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975)).   Indeed, it has long been the law that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."  *Id.* at 1254-55.

Here, no unusual circumstances exist.  There is no good reason for a federal court to hear Gilmore-Bey's state law claims, particularly where her federal claims and "international law" claims are recommended to be dismissed as essentially frivolous.  Therefore, it is recommended that Gilmore-Bey's state law claims under Counts V – VIII (and Count II to the extent it raises a state law claim) be dismissed without prejudice.

## IV.   Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motion to dismiss (ECF No. 18) be GRANTED.  Specifically, it is

RECOMMENDED that Gilmore-Bey's federal claims under Counts I and II as

well as the international law claims under Counts III and IV be DISMISSED

WITH PREJUDICE and Gilmore-Bey's state law claims under Counts V – VIII

(and to the extent there is a state law claim under Count II) be DISMISSED

WITHOUT PREJUDICE.


Dated: July 16, 2024                         s/Kimberly G. Altman
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                             United States Magistrate Judge


## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"
etc.  Any objection must recite precisely the provision of this Report and
Recommendation to which it pertains.  Not later than 14 days after service of an
objection, the opposing party may file a concise response proportionate to the
objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR
72.1(d).  The response must specifically address each issue raised in the objections,
in the same order, and labeled as "Response to Objection No. 1," "Response to
Objection No. 2," etc.  If the court determines that any objections are without
merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on July 16, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager