UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

      Plaintiff,

v.

      Case No. 23-cv-13083
      Honorable Linda V. Parker

ALEX KETTY, JOHNNY KETTY,
NONI L. VALICENTI, HARRY KIRSBAUM,
JULIE ANN GRAVES, GLOW PATH PAVERS, LLC,
GLOW PATH TECHNOLOGY, LLC, and
AMBIENT GLOW PRODUCTS, LLC,

      Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S JULY 16, 2024 REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING AS MOOT PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS AND/OR OBJECTIONS**

Plaintiff Nintu Xi Gilmore-Bey filed this pro se lawsuit against Defendants asserting claims arising from her employment with Defendant Glow Path Pavers, LLC ("Glow Path"). Gilmore-Bey asserts claims under federal, international, and state law in an Amended Complaint filed February 7, 2024. (ECF No. 15.) The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 7.)

Defendants filed a motion to dismiss, which was then fully briefed. (ECF Nos. 18, 22, 23.) On July 16, 2024, Magistrate Judge Altman issued a Report and Recommendation ("R&R"), recommending that this Court dismiss with prejudice Gilmore-Bey's federal and international claims and decline to exercise supplemental jurisdiction, and therefore dismiss without prejudice, her state-law claims. (ECF No. 26.) At the conclusion of the R&R, Magistrate Judge Altman informs the parties that they must file any objections to the R&R within fourteen days. (*Id.* at PageID. 311-12.) Gilmore-Bey filed timely objections (ECF No. 27), to which Defendants responded (ECF No. 28).

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's

report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Discussion

Gilmore-Bey asserts fourteen "objections" to Magistrate Judge Altman's R&R.

### Objection No. 1

Here, Gilmore-Bey takes issue with Magistrate Judge Altman's statement regarding the length of Gilmore-Bey's relationship with Glow Path and citation to the initial Complaint in support of this fact. Gilmore-Bey argues that the length of her employment is irrelevant to her claims, and that her initial Complaint "performs no function in this case" as it was supplemented by her amended pleading.

All of this may be true. However, the length of Gilmore-Bey's employment had no bearing on Magistrate Judge Altman's recommendations. And the citation to the initial Complaint is immaterial, as the same allegation is included in Gilmore-Bey's Amended Complaint. (ECF No. 15 at PageID 15 ¶ 101.) This objection is frivolous.

### Objection No. 2

Gilmore-Bey next takes issue with Magistrate Judge Altman's reference to two previous similar employment cases Gilmore-Bey filed in this District.

3

Gilmore-Bey maintains that she has a right to sue for alleged violations of the law, and the fact she has done so should not be used against her. However, Magistrate Judge Altman's reference to these previous cases and even any reliance on the reasoning in those cases for dismissing Gilmore-Bey's claims here, does not demonstrate a bias or an error in the analysis of the pending claims.

### Objection No. 3

Gilmore-Bey's third objection is directed at Magistrate Judge Altman's summary of the briefs and materials filed in support of and in opposition to Defendants' motion to dismiss. Yet, it is unclear to the Court what factual or legal dispute, if any, Gilmore-Bey is raising in this objection. "[V]ague, general, or conclusory objections" that fail to "specifically address" how the magistrate judge's factual or legal recommendations are incorrect are "tantamount to a complete failure to object." *Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### Objection No. 4

Gilmore-Bey's fourth objection also is vague and fails to specifically explain in what way she finds the magistrate judge's statement that "Gilmore-Beys says she was the only employee required to be an independent contractor and sign an NDA" to be legally or factually incorrect. In fact, her "response" essentially repeats what Magistrate Judge Altman stated.

Objection No. 5

Magistrate Judge Altman stated that Gilmore-Bey's "employment ended on December 8, 2023"; however, as Gilmore-Bey points out, it was actually a year earlier. While an error, it is irrelevant to Magistrate Judge Altman's analysis and recommendations. In fact, Magistrate Judge Altman recited that Gilmore-Bey was hired on November 15, 2022, and that the employment relationship lasted only four weeks.

Objection No. 6

In her sixth objection, Gilmore-Bey takes issue with Magistrate Judge Altman's recitation of Defendants' assertions that they did not discriminate against Gilmore-Bey and that Gilmore-Bey was terminated as an independent contractor because Glow Path reduced its staff due to a seasonal slowdown. Gilmore-Bey disputes Defendants' assertions. The assertions were immaterial to Magistrate Judge Altman's recommendations, however. Magistrate Judge Altman did not consider them when recommending that Gilmore-Bey's claims be dismissed.

Objection No. 7

This objection addresses Magistrate Judge Altman's recitation of the standard of review applicable to Rule 12(b)(6) motions. Gilmore-Bey's one sentence "response" does not articulate a different standard.

Objection No. 8

In her eighth objection, Gilmore-Bey asserts that "common sense was not used" when evaluating her claims. This is yet another vague and conclusory objection.

Objection No. 9

Gilmore-Bey next takes issue with Magistrate Judge Altman's conclusion that the documents attached to Defendants' motion to dismiss could be considered when ruling on the motion because they are referenced in the Amended Complaint and are integral to Gilmore-Bey's claims. Gilmore-Bey asserts that this demonstrates a "conflict of interest" because she attached documents to her pleading and, she believes, Magistrate Judge Altman failed to consider those documents.

Gilmore-Bey misunderstands Magistrate Judge Altman's statement, which simply was explaining why the documents attached to the motion to dismiss could be considered. It does not reflect that the documents attached to the Complaint or Amended Complaint were not considered. Gilmore-Bey asserts that Magistrate Judge Altman "chooses to overlook the Plaintiff's referenced documents which are integral to the Plaintiff's complaint." However, she does not specify the document(s) not considered or how any such document would demonstrate a factual or legal error in Magistrate Judge Altman's recommendation.

Objections Nos. 10 & 11

The only substantive argument in these next two objections is Gilmore-Bey's assertion that the FLSA addresses whether an individual is properly classified as an independent contractor as opposed to an employee, and that signing an independent contractor agreement is not dispositive. Magistrate Judge Altman correctly observed that Gilmore-Bey alleged in her Amended Complaint that she was classified as an independent contractor and signed an Independent Contract Employment Offer Contract when she began her employment. (*See* ECF No. 15 at PageID. 91 ¶¶ 18-19.) However, Gilmore-Bey subsequently alleged facts and argued that under the applicable economic reality test, she was not properly classified as an independent contractor. (*See id.* at PageID. 105-07 ¶¶ 82-92.)

Thus, it may have been premature for Magistrate Judge Altman to recommend a Rule 12(b)(6) dismissal of Gilmore-Bey's Title VII and FLSA claims based on a conclusion that she was an independent contractor, not an employee. Nevertheless, Magistrate Judge Altman provided alternative reasons for dismissing Gilmore-Bey's claims.

With respect to Title VII, Magistrate Judge Altman reasoned that Gilmore-Bey failed to allege membership in a protected class. While Gilmore-Bey asserted a claim titled "Independent Contractor Misclassification under FLSA" (*see id*. at PageID. 105), she does not allege any violations of the FLSA. For example, she

7

does not claim that she was paid below the statute's minimum wage or denied overtime. In fact, Gilmore-Bey specifically alleges in her Amended Complaint that she regularly worked a "total of 40 hours per week." (*Id.* at PageID. 93 ¶ 29.)

Objection No. 12

Gilmore-Bey challenges the correctness of Magistrate Judge Altman's conclusion that the individual named defendants cannot be sued under Title VII. The cases Gilmore-Bey cites in support of her assertion that they may be sued, however, are either no longer good law or do not stand for the proposition she believes. While the District Court for the Northern District of Illinois found that individuals could be subject to liability for unlawful employment discrimination under Title VII in *Jendusa v. Cancer Treatment Centers of America, Inc.*, 868 F. Supp. 1006 (N.D. Ill. 1994), the Seventh Circuit held to the contrary a year later in *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1281 (1995) (concluding that Congress never intended for individuals to be subject to liability under Title VII). The Ninth Circuit in *Miller v. Bank of America*, 600 F.2d 211 (1979), was not deciding whether the plaintiff's supervisor or any other individual could be liable under Title VII, but whether the employer could be liable for the supervisor's conduct.

Magistrate Judge Altman was correct that the Sixth Circuit has "repeatedly and consistently held" that Title VII does not impose individual liability on

8

individuals. *See, e.g., Post v. Trinity Health-Mich.*, 44 F.4th 572, 577 (6th Cir. 2022) (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997)); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (collecting cases).

Objections Nos. 13 & 14

In her final objections, Gilmore-Bey challenges Magistrate Judge Altman's rejection of her discrimination claims based on the finding that Gilmore-Bey is not a member of a protected class. Gilmore-Bey claims discrimination "based on her national origin as an Autochthonous/Indigenous Native American descent, descendent of the original copper-tone peoples of the Americas." (ECF No. 15 at PageID. 109 ¶ 101.)

As an initial matter, despite a contrary indication in the R&R (*see* ECF No. 26 at PageID. 303), Gilmore-Bey is correct that she need not prove a prima facie case at the pleading stage, *see Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002)) (holding that "[t]he district court's requirement that [the plaintiff]'s complaint establish a prima facie case under *McDonnell Douglas* and its progeny [wa]s contrary to Supreme Court and Sixth Circuit precedent" because "[i]n *Swierkiewicz v. Sorema*, the Supreme Court unanimously held that the prima face case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement). Nevertheless, to adequately plead her Title VII discrimination claim, Gilmore-Bey must allege

9

membership in a protected class.  The statute does not prohibit all discrimination, but only discrimination based on certain protected classes: race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.

"National origin," for purposes of Title VII, includes the country where a person was born and "the country from which his or her ancestors came."  *Wilson v. Art Van Furniture*, No. 99-2292, 2000 WL 1434690, at *1 (6th Cir. Sept. 19, 2000) (quoting *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973)).  The EEOC defines national origin discrimination to also include "the physical, cultural or linguistic characteristics of a national origin group."  29 C.F.R. § 1606.1.  Gilmore-Bey does not associate herself or her ancestors as being foreign born or Native American.[1]  She does not identify a country from which Autochthonous/Indigenous Native Americans originate.

Numerous courts throughout the country have held that the class to which Gilmore-Bey claims she belongs and substantially similar groups are not protected under Title VII.  *See, e.g., NDN Collective v. Retsel Corp.*, No. 5:22-cv-5027, 2024 U.S. Dist. LEXIS 150476, at *10 (S.D. Aug. 20, 2024) (collecting cases); *Bey v. FCA USA LLC*, No 19-cv-10521, 2019 U.S. Dist. LEXIS 193838, at *7 (E.D. Mich. Oct. 15, 2019) (dismissing the plaintiff's discrimination claim, observing

---

[1] As Magistrate Judge Altman indicated, the Court can take judicial notice of the fact that there is no federal recognized "Autochthonous/Indigenous Native American" tribe.  (*See* ECF No. 26 at PageID. 304 n.4.)

that "[n]umerous [c]ourts have held that 'Moorish Americans' or variations thereof are not a federally recognized group to which the national origins provision of Title VII applies"); *Tum-Re El v. Keel*, 3:15-cv-2708, 2016 U.S. Dist. LEXIS 68098, *3-4 (N.D. Ohio May 24, 2016) (observing that "[f]ederal courts have consistently held that national origin protection does not apply to native-born individuals . . . who claim to be affiliated with a tribal government purportedly existing independently of any federal recognized Indian Tribe"). Thus, the Court concurs with Magistrate Judge Altman that Gilmore-Bey's Title VII claim is subject to dismissal because she fails to allege that she is a member of a class protected under the statute.

## Conclusion

For the reasons stated, the Court rejects Gilmore-Bey's objections to Magistrate Judge Altman's July 16, 2024 R&R. The Court, therefore, adopts Magistrate Judge Altman's recommendations.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Determine the Sufficiency of Defendant's Answers and/or Objections to Plaintiff's Request for

Admissions (ECF No. 29) is **DENIED AS MOOT**.

                                                 s/ Linda V. Parker
                                                 LINDA V. PARKER
                                                 U.S. DISTRICT JUDGE

Dated: September 30, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 30, 2024, by electronic and/or U.S. First Class mail.

                                                 s/Aaron Flanigan
                                                 Case Manager