UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NINTU XI GILMORE-BEY,

      Plaintiff,

                                  Case No. 23-cv-13083
v.                             Honorable Linda V. Parker

ALEX KETTY, et al.,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT (ECF NO. 40)

Plaintiff filed this pro se lawsuit against Defendants asserting claims arising from her employment with Defendant Glow Path Pavers, LLC.  Defendants thereafter filed a motion to dismiss, which this Court granted in a decision issued on September 30, 2024.  (ECF No. 31.)  A Judgment was issued on the same date. (ECF No. 32.)  Plaintiff appealed, and the Sixth Circuit Court of Appeals affirmed on May 15, 2025.  (ECF No. 35.)  The matter is presently before the Court on Plaintiff's motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b), filed May 18, 2026.  (ECF No. 40.)

Rule 60 empowers a court to vacate a judgment for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The rule provides that a motion under subsections (1), (2), or (3) must be filed within a year of the Court's decision and Judgment.  *See* Fed. R. Civ. P. 60(c).  A motion under the remaining provisions must be filed "within a reasonable time."  *See id.*  Reasonableness is judged by the party's diligence.  *See Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018) (citations omitted).

Plaintiff argues that the Judgment must be vacated due to fraud.  However, she filed her motion more than a year and seven months after the Judgment was entered.  It comes too late.  Plaintiff fails to articulate another justification for vacating the Judgment.  In any event, the Court has no basis to conclude that Plaintiff diligently pursued her rights to conclude that the motion was filed within a reasonable time.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to vacate the Judgment (ECF No. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter remains **CLOSED**, and no further motions may be filed in this action.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 20, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 20, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager